The Honorable James C. Scott State Senator 321 State Highway 15 North Warren, Arkansas 71671
Dear Senator Scott:
This is in response to your request for an opinion on the following question:
 Is the length of the term of office for a City Clerk/Treasurer of a First Class City with a population under 50,000 who was elected to that office in November, 1994 and assumed that office on January 1, 1995 two years of four years?
Assuming your question has reference to a city with the mayor/council form of government, it is my opinion that the term of such a "Clerk/Treasurer" is four years.
There are four statutes in the Arkansas Code which are relevant to your question. The first, A.C.A. § 14-43-302, initially passed in 1875, and later amended in 1965 (see Act 484 of 1965, § 1) provides as follows:
 (a) The qualified voters of cities of the first class shall, in the year 1966, and on the Tuesday following the first Monday in November every two (2) years thereafter, elect one (1) mayor, and two (2) aldermen from each ward, as members of the city council, one (1) city treasurer, and one (1) police judge, all of whom except the aldermen shall hold their offices for the term of two (2) years, and until their successors are elected and qualified. [Emphasis added.]
The statute above concerns the city treasurer and sets the term of office at two years.
It appears the office of city clerk is first mentioned in the acts which comprise the Arkansas Code at A.C.A. § 14-43-313, a provision first enacted in 1893. That provision sets the term of the city clerk at two years, as follows:
 (a) At the general election in cities of the first class held in 1894 and every two (2) years thereafter, there shall be elected by the qualified electors of these cities a city clerk and city attorney who shall hold office for the two (2) years next following and until their successors are elected and qualified. [Emphasis added.]
Thus, under these two separate statutes above, both the city treasurer and the city clerk in first class cities with the mayor/council form of government serve two year terms. An exception was made in 1943, however, (and later amended in 1951 and 1961) for first class cities with the mayor/council form of government and a population of less than 50,000. This provision, A.C.A. § 14-43-316, provides in pertinent part that:
 (a) The qualified voters of cities of the first class having a population of less than fifty thousand (50,000) and having the mayor-council form of government shall elect one (1) city clerk on the first Tuesday following the first Monday in November, 1962, and every four (4) years thereafter. The city clerk shall hold office for four (4) years and until his successor is elected and qualified. [Emphasis added.]
This statute, applying to cities with less than 50,000 population, sets the city clerk's term of office at four years rather than two years. Your question involves a first class city with a population of less than 50,000. City clerks in such cities serve four year terms. Your question does not simply involve a city clerk, however, but a "clerk-treasurer." This is authorized at A.C.A. § 14-43-405 (passed in 1965), which provides that:
 All cities of the first class having the mayor-council form of government may provide, by ordinance, for the election or appointment of their city treasurer. The city council may, by ordinance or resolution, designate the city clerk as clerk-treasurer, allowing one (1) person to assume the duties of both clerk and treasurer.
Under this statute, the city may elect a separate treasurer, appoint a separate treasurer, or authorize the city clerk to perform the duties of "clerk-treasurer." I assume that the city in question has chosen the latter option. The question then becomes whether the term of office of a "clerk-treasurer" in a city of less than 50,000 population is four years, as is mandated for city clerks in such cities under A.C.A. §14-43-316, or whether because the city clerk also acts as treasurer, the term of office is two years under A.C.A. § 14-43-302, governing the term of office of city treasurers.
It is my opinion that under these circumstances, A.C.A. § 14-43-316, applying to city clerks in cities with less than 50,000 population, controls and the term of office of the "clerk-treasurer" at issue is four years. Some support for this conclusion is found at Op. Att'y Gen.95-066, which states as follows:
 This statute [A.C.A. § 14-43-405] addresses itself to the method of selecting a city treasurer. It states that the city may provide for the election or appointment of a treasurer, or it may designate the city clerk as `clerk-treasurer.' This statute, in my opinion, however, while authorizing the appointment of the city treasurer, cannot be read to authorize the appointment of the city clerk. The statute merely authorizes the designation of the city clerk as `clerk-treasurer.' It does not attempt to alter the selection method of the city clerk, who is required to be elected by the statutes [either A.C.A. § 14-43-313 or § 14-43-316 depending upon the population] set out above. [Latter emphasis added.]
In my opinion, when a city passes an ordinance or resolution designating the city clerk as "clerk-treasurer," the provision of law relating to the election of a city treasurer every two years (A.C.A. § 14-43-302), is no longer applicable. No city treasurer is being elected under such circumstances; rather, the city clerk is being a ppointed as "clerk-treasurer." The city council in such instance is merely adding the additional appointed duties of city treasurer to the office of city clerk. The city clerk continues to be elected under the pertinent statute governing the election of city clerks, which in this instance is A.C.A. § 14-43-316, which sets the term of office of city clerks at four years.
The foregoing opinion, which I hereby approve, was prepared by Deputy Attorney General Elana C. Wills.
Sincerely,
WINSTON BRYANT Attorney General
WB:ECW/cyh